United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE RUSSEL GRIFFIN,

    Petitioner,

v.

JOE LIZARAGA,

    Respondent.

Case No. 18-cv-06733-WHO (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

## INTRODUCTION

Petitioner Willie Russel Griffin seeks federal habeas relief from his state convictions. The petition does not state any claim for relief for the reasons discussed below. Accordingly, the petition is DISMISSED with leave to file an amended petition on or before **February 18, 2019**.

## BACKGROUND

In 2011, Griffin pleaded guilty in state court to voluntary manslaughter. A sentence of 37 years was imposed.

Griffin filed no appeals. In 2018 he sought, but was denied, collateral relief in the state courts. This federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Griffin claims that his sentence is illegal under state laws that forbid multiple punishments for the same crime and the "dual use of facts." (Pet., Dkt. No. 1 at 19 and 30.) He fails to state a claim for two reasons. First, violations of state law are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 218-20 (2011). Accordingly, because Griffin alleges violations of state law, he fails to articulate a claim for federal habeas relief.

Second, after a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel. *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)).[1] Griffin pleaded guilty. His habeas claim does not arise from one of the two circumstances listed above. As a result, his petition will be dismissed with leave to file an amended petition.

Because Griffin has not exhausted his claims in state court, he may wish to file a

---

[1] There are exceptions to this general bar. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

motion to stay habeas proceedings while he exhausts his claims. Prisoners in state custody who wish to challenge collaterally either the fact or length of their confinement in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If the claims are unexhausted, respondent will likely file a motion to dismiss on grounds of nonexhaustion.

Griffin must also be aware of the following. If he exhausts his claims and if the Court allows them to proceed here, respondent will likely file a motion to dismiss the petition as untimely. He was convicted in 2011 but did not file this habeas action until 2018. Federal habeas petitions must be filed within <u>one year</u> of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

To successfully challenge such a motion, Griffin will have to demonstrate that he is entitled to equitable tolling. A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## CONCLUSION

The petition is DISMISSED with leave to file an amended petition on or before **February 19, 2019**. Griffin may wish to file a motion for a stay along with the amended

3

petition.

The filing fee has been paid.

**IT IS SO ORDERED.**

**Dated:** January 7, 2019



WILLIAM H. ORRICK
United States District Judge